JACOB M. STERNGOLD and Another, Respondents, v. SEYMOUR H. RIPIN and Another, Appellants.— Motion to dismiss appeal denied. Present — Kelly, P. J., Rich, Manning, Young and Lazansky, JJ.

GRACE BOSELLI, Respondent, v. THEODORE L. BOSELLI, Appellant.— Interlocutory judgment unanimously affirmed, with costs. We think the evidence of visits by defendant to his home on occasions previous to the date of the offense charged in the complaint with a woman not seen by the witness giving the evidence, over defendant's objection and exception, and unknown and unidentified, without any evidence of improper actions during such visits, was incompetent, but this case was tried before a judge without a jury, and under the circumstances we do not think the error is substantial or that the improper evidence can be said to have affected the result. Present — Kelly, P. J., Jaycox, Young, Kapper and Lazansky, JJ.

THE COMMISSIONER OF PUBLIC WELFARE OF THE CITY OF NEW YORK, on Complaint of VIOLET SAUER, Respondent, v. ADOLPH KUTTLER, Appellant.— Order of filiation of the Court of Special Sessions affirmed. No opinion. Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.

FRANK CORNETTA, Appellant, v. MEYER TABAK and Another, Individually and as Copartners, etc., Respondents.— Judgment and order reversed upon the facts, and a new trial granted, with costs to abide the event, upon the ground that the verdict of the jury is against the weight of the evidence. Kelly, P. J., Jaycox, Manning and Young, JJ., concur; Kapper, J., dissents.

MARGARET DAVIS, Appellant, v. ST. GEORGE LAUNDRY, INC., Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Manning, Young and Lazansky, JJ.

THE ELRM REALTY & MORTGAGE CO., INC., Appellant, v. MAX ORNSTEIN, Respondent, Impleaded with Another, Defendant.— Order granting motion to dismiss complaint reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. We do not now decide the point presented by the respondent that the agreement was not subject to assignment. The complaint alleges performance by plaintiff and its assignor of the covenants and agreements to be performed by them. Upon the trial the true situation and the rights and interests of the parties may be shown to be such as would materially affect the assignability of the agreement. We think the complaint alleges enough to show a receipt by the individual defendant of moneys which "properly belonged " to plaintiff and its assignor. Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.